■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN HUNTER, Appellant.— Appeal from a judgment of the County Court of Albany County rendered upon a verdict convicting defendant of the crimes of burglary, third degree (Penal Law, § 404), possessing burglar's instruments (Penal Law, § 408) and attempted grand larceny, first degree (Penal Law, §§ 2; 1294, subd. 3), under a joint indictment against defendant and one De Stephan. De Stephan had been apprehended upon the premises but his then unidentified companion escaped. Two days before appellant's trial commenced, De Stephan pleaded guilty to the count charging possession of burglar's instruments. On that same day, upon interrogation by an Assistant District Attorney, in the presence of his attorney, and apparently before pleading, he implicated appellant and next day he signed the question and answer statement which had meanwhile been transcribed. On the trial, De Stephan, while still awaiting sentence, was called by the People and testified that appellant participated in the crimes charged, and, upon cross-examination, admitted that he had signed confessions shortly after his apprehension, some four and one-half months before; and defendant thereupon put in evidence two such confessions, each of which implicated an accomplice other than appellant, who was not mentioned in either statement. Upon redirect examination, the People sought to counter this evidence by proving the recent question and answer statement involving appellant, which was thereupon received in evidence over objection. On this appeal, the District Attorney does not argue the grounds urged on the trial for the admission of the statement and, indeed, his brief concedes that " Statements made out of court and which are consistent with testimony are not admissible except where the testimony is assailed as a recent fabrication", in support of which he cites *Crawford* v. *Nilan* (289 N. Y. 444). An integral part of the principle thus constituting an exception to the general rule is, however, the necessity that the consistent statement shall have been made "'* * * before the motive to falsify existed.'" (*Crawford* v. *Nilan, supra*, pp. 450–451, and cases there cited.) De Stephan, whose conviction rendered him a third felony offender, expressly and repeatedly stated that neither when he made the statement nor when he signed it

had there been any intimation as to the punishment which would be imposed upon him. Absent any evidence to the contrary, it seems too clear to require discussion that every reasonable inference contravenes the People's suggestion that when the statement was given no motive to falsify existed. Close as was the issue of defendant's identification, however, it is probably true, under the circumstances, that the erroneous reception of the statement did not prejudice defendant or influence the result of the trial. Exhaustive cross-examination revealed very clearly De Stephan's bad character and criminal history and, in addition, suggested more than one strong reason to discredit him. Under the circumstances, there would seem to be nothing about the statement which would tend to supply credibility which might otherwise be found lacking or, in view of the brief interval of time between the witness' statement and his testimony, to fortify the latter in any other respect. In the court's charge there was brief and harmless reference to the statement and defendant took no exception to this and made no request for any charge concerning it. We need not determine, however, whether the error standing alone would require reversal as a new trial is required, in any event, on other grounds. Appellant assigns error, also, in the reception of certain of the testimony of a State Trooper whose identification of appellant was the only evidence, aside from that of the accomplice De Stephan, tending to connect appellant with the commission of the crimes. (Code Crim. Pro., § 399.) The Trooper, dispatched to the building as the result of a call from a neighbor, said that upon alighting from his car he saw through a window and opened Venetian blinds in the cashier's office, lighted by an illuminated advertising sign, two men rising from their knees in front of a safe and stated that one of them was appellant, the witness having observed his profile and back for 10 or 15 seconds or less as he ran out of the room. Appellant was apprehended over a month later. Upon cross-examination, counsel succeeded in eliciting some contradictions or inconsistencies which, standing alone, were not, in our view, sufficient to render the testimony incredible and thus to remove the issue of identification from the jury's determination. (Cf. *People* v. *Trybus,* 219 N. Y. 18, 20–21.) Being asked, upon redirect examination, an introductory and proper question, the Trooper volunteered the nonresponsive information, " We also identified this defendant from a batch of photographs, and * * * after his arrest at Lathams Station he was again identified." This answer elicited no objection or motion but upon further redirect examination, the Assistant District Attorney asked whether the witness had identified defendant at some time between the date of the crime on May 31 and the date of July 7 or 8 when defendant was in custody at the Lathams barracks, and the witness stated that he identified him on June 4, " by a photograph ". A somewhat inappropriate objection was overruled, whereupon the court asked the witness to describe " the circumstances surrounding this identification " which he did by stating that his corporal had brought a " batch of photographs " from the Department of Correction (as the witness believed), from which the witness picked defendant's picture. Appellant urges as prejudicial the implication from the language " *We* also identified this defendant " that the identification by the witness was strengthened by that of another Trooper; but contends that, in any event, the proof of prior identification from a photograph was not within the purview of section 393-b of the Code of Criminal Procedure as to testimony of previous identification, citing *People* v. *Cioffi* (1 N Y 2d 70, 73) and *People* v. *Hagedorny* (272 App. Div. 830). In his brief, the District Attorney quite frankly concedes that " the inadmissibility of such evidence seems fairly inferable from the decision in *People* v. *Cioffi,* 1 N Y 2d 70, 73, where Judge Van Voorhis cites the *Hagedorny* case as

authority for the complete exclusion of testimony as to a prior identification from a photograph." The People contend, however, that the error did not prejudice the appellant. Our conclusion is to the contrary. The testimony of De Stephan being legally and actually suspect, the vital corroborative evidence adduced from the Trooper requires especially careful scrutiny. We find very nearly inescapable the conclusion that the effect of the evidence erroneously admitted was to lend substantial support to the testimony of the Trooper as to his identification of appellant, more than a month after the crime, on the basis of a fleeting observation under difficult conditions. Indeed, the Assistant District Attorney considered this incompetent evidence of importance and in his summation stressed its significance. We may not speculate that, under such circumstances, the jury was not improperly influenced. Judgment reversed, on the law and facts, and a new trial ordered.